UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJU T. DAHLSTROM,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. C16-1874RSL

ORDER REGARDING PLAINTIFF'S MOTION FOR A RULE 56(d) CONTINUANCE

This matter comes before the Court on "Plaintiff's Motion to Deny or Continue Defendant United States of America Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)." Dkt. # 39. The United States seeks dismissal of plaintiff's claims on the ground that it has not waived sovereign immunity for employment decisions of the Sauk-Suiattle Indian Tribe or enforcement decisions of the Tribe's Chief of Police. In the alternative, the United States argues that if the Tribe is considered a federal actor and the Federal Tort Claims Act ("FTCA") applies, the claims are nevertheless barred by the discretionary function exception of the FTCA. The United States also seeks dismissal of plaintiff's intentional tort claims as barred by § 2680(h) of the FTCA and/or not cognizable under Washington law.

Plaintiff argues that a continuance is necessary so that he can take discovery regarding the authenticity of a handbook attached as an exhibit to the United States' motion (Dkt. # 38-1) and challenge the factual assertions regarding the existence of a

ORDER REGARDING PLAINTIFF'S MOTION
FOR A RULE 56(d) CONTINUANCE - 1

contract contained in the Declaration of Jerin Falcon (Dkt. # 38-2). Plaintiff makes no effort to show that the handbook will have any material effect on the outcome of the motion. Whether employment decisions are encompassed by a federal contract or agreement under the Indian Self-Determination and Education Assistance Act of 1975 ("ISDEAA") is, however, of material importance to defendant's first argument. The Court will, therefore, exercise its discretion under Fed. R. Civ. P. 56(d) to DENY the United States' motion to dismiss on the ground that the Tribe's employment decisions are not encompassed by a federal contract or agreement under the ISDEAA.

Nevertheless, plaintiff has not met his burden under Rule 56(d) of showing that discovery is necessary to respond to the other arguments raised in the motion to dismiss. Those issues can and should be considered at the outset of the case. Plaintiff's response to the discretionary function and intentional tort arguments is due as currently scheduled on October 30, 2017.

Dated this 19th day of October, 2017.

Robert S. Lasnik
United States District Judge