UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJU T. DAHLSTROM,

  Plaintiff,

  v.

UNITED STATES OF AMERICA, *et al.*,

  Defendants.

Case No. C16-1874RSL

ORDER GRANTING IN PART THE UNITED STATES' MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND

  This matter comes before the Court on the "United States' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)" (Dkt. # 38) and "Plaintiff's Motion for Leave to File Second Amended Complaint" (Dkt. # 47). The United States seeks dismissal of plaintiff's claims on the ground that it has not waived sovereign immunity for employment decisions of the Sauk-Suiattle Indian Tribe or enforcement decisions of the Tribe's Chief of Police. In the alternative, the United States argues that if the Tribe is considered a federal actor such that the Federal Tort Claims Act ("FTCA") applies, the claims are nevertheless barred by the discretionary function exception of the FTCA, are barred by § 2680(h) of the FTCA, and/or not cognizable under Washington law.

  On October 19, 2017, the Court granted in part plaintiff's motion to deny or postpone consideration of the motion to dismiss. The Court found that plaintiff should be permitted to take discovery regarding whether the employment decisions of which he complains were encompassed by a federal contract or agreement under the Indian Self-

ORDER GRANTING IN PART THE UNITED
STATES' MOTION TO DISMISS AND
PLAINTIFF'S MOTION TO AMEND - 1

Determination and Education Assistance Act of 1975 ("ISDEAA"). The Court therefore exercised its discretion under Fed. R. Civ. P. 56(d) to DENY that aspect of the United States' motion to dismiss. Plaintiff did not, however, meet his burden under Rule 56(d) of showing that discovery was necessary to respond to the discretionary function, § 2680(h), or state law arguments raised in the motion to dismiss. Plaintiff timely filed his response to the motion to dismiss[1] and also requested leave to file a second amended complaint to remedy deficiencies in the pleading. The Court has considered the allegations of the proposed complaint in ruling on this motion.

Plaintiff alleges that he was wrongfully terminated from his employment as Health and Social Director for the Sauk-Suiattle Indian Tribe after he raised concerns about the safety of the vaccines the Tribe's medical team was distributing. The Court assumes, for purposes of this motion, that the tribal employees who allegedly caused plaintiff to lose his job in retaliation for his whistle-blowing activities and who escorted him from the reservation are agents or employees of the United States.

**A. Sovereign Immunity and the Discretionary Function Exception**

As a sovereign, the United States and its agencies are immune from suit unless the immunity has been affirmatively waived. Chadd v. U.S., 794 F.3d 1104, 1108 (9th Cir. 2015). "Sovereign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define the court's jurisdiction to entertain the suit." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994) (internal quotation marks and alterations omitted). Congress waived the United States' immunity with regard to state tort claims through the Federal Tort Claims Act. 28 U.S.C. § 1346(b)(1). The waiver is not universal, however: Congress excepted from the waiver several types and classes of

---

[1] Plaintiff's opposition is not only overlength, but includes pages of single-spaced footnotes in tiny font. The Court has not considered the footnotes.

ORDER GRANTING IN PART THE UNITED
STATES' MOTION TO DISMISS AND
PLAINTIFF'S MOTION TO AMEND - 2

tort claims, including any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved was abused." 28 U.S.C. § 2680(a). See U.S. v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 707, 808 (1984). This discretionary function exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." Varig Airlines, 467 U.S. at 808.

The United States argues that employment decisions, including the decision to fire an employee, decisions regarding the appropriate amount of supervision and training, and decisions regarding when and how to terminate employment, fall within the discretionary function exception and cannot be the basis for a tort claim against the United States. See Sydnes v. U.S., 523 F.3d 1179, 1185-86 (10th Cir. 2008) ("We have previously and unqualifiedly held that decisions regarding employment and termination -- the kind of conduct at issue here -- are precisely the types of administrative action the discretionary function exception seeks to shield.") (internal quotation marks and alterations omitted); Nurse v. U.S., 226 F.3d 996, 1001-02 (9th Cir. 2000) (finding that the government's "allegedly negligent and reckless employment, supervision and training of the . . . defendants . . . fall squarely within the discretionary function exception."). There are two prongs to the discretionary function analysis. First, the Court examines whether the government's actions were "discretionary in nature, [meaning] acts that involve an element of judgment or choice." U.S. v. Gaubert, 499 U.S. 315, 322 (1991) (internal quotation marks and alterations omitted). The exception "will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive.

And if the employee's conduct cannot appropriately be the product of judgment or choice, then there is no discretion in the conduct for the discretionary function exception to protect." Berkovitz by Berkovitz v. U.S., 486 U.S. 531, 536 (1988). The second prong requires an analysis of whether the judgment exercised is of the kind that the discretionary function exception was designed to shield: in other words, is there a risk that the judiciary would be second-guessing a government decision "grounded in social, economic, or political policy through the medium of an action in tort"? Varig Airlines, 467 U.S. at 814. Plaintiff does not dispute that the decisions regarding supervision, training, and termination involve balancing social, economic, and political policy choices for purposes of the second prong of the analysis.

With regards to the first prong, plaintiff seeks to amend his complaint in part to identify twelve federal statutes, the Sauk-Suiattle Indian Tribe's employee handbook, and a tribal code provision that allegedly limited defendants' discretion to terminate his employment for retaliatory reasons. Dkt. # 47-1 at ¶¶ 126-41 (repeated at Dkt. # 48 at 11-25).[2] These amendments are unavailing. The Tribe's internal codes and policies do not represent federal law and cannot, therefore, waive the federal government's immunity from suit. None of the federal statutes prescribes the circumstances in which plaintiff could be fired. Many have absolutely nothing to do with the facts of this case or plaintiff's employment. Although counsel spends pages describing the statutes, the words and phrases are strung together in such a way that they convey very little information, much less meaningful analysis. Plaintiff made no attempt to show how any of the statutes limited the Tribe's discretion in its employment decisions. By way of example, plaintiff

---

[2] Large sections of the proposed Second Amended Complaint were simply copied and pasted into plaintiff's opposition memorandum, without regard to their usefulness or applicability and with no effort to focus the analysis on the issues raised in the United States' motion.

ORDER GRANTING IN PART THE UNITED
STATES' MOTION TO DISMISS AND
PLAINTIFF'S MOTION TO AMEND - 4

cites the Patient Protection and Affordable Care Act, 26 U.S.C. § 4980H, as a bar against the type of retaliatory termination that allegedly occurred in this case. Plaintiff alleges that the Act applies to the Sauk-Suiattle Indian Tribe and contains an anti-retaliation provision which protects employees from retaliation for reporting violations of Title 1 of the Act, including discrimination based on receipt of health insurance subsidies, the denial of coverage based on preexisting conditions, and/or an insurer's failure to rebate excess premiums. Plaintiff does not allege that he reported any of these activities or that he was terminated because of such a report. Merely listing federal statutes, regulations, and/or policies -- even with lengthy descriptions and quotations -- does not establish that the Tribe lacked or exceeded its discretion as an employer in this case.

Plaintiff also alleges that his discharge was prohibited by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and asserts both federal and state law claims arising from these violations. Dkt. # 47-1 at ¶ 141.[3] The FTCA's waiver of immunity extends only to circumstances "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Supreme Court has held that the reference to "the law of the place" means the law of the state where the negligent or

---

[3] Plaintiff has not identified any constitutional authority which limited or restricted the Tribe's discretion in supervision or training. The state law claims based on those discretionary functions are therefore dismissed for lack of jurisdiction.
 Because the government has not challenged the wrongful discharge claim under Fed. R. Civ. P. 12(b)(6), the Court offers no opinion on whether plaintiff has plausibly alleged a violation of his right to free speech or his right to due process of law. Those rights generally apply to government employees and restrict the actions of employers in certain circumstances. The Court therefore assumes that a plausible claim based on speech and/or due process rights could be asserted. The rights protected by the Fourth Amendment, however, have no obvious connection to employment relationships, and plaintiff has not asserted any theory under which the Fourth Amendment limited the Tribe's discretion when deciding whether to terminate his employment.

ORDER GRANTING IN PART THE UNITED
STATES' MOTION TO DISMISS AND
PLAINTIFF'S MOTION TO AMEND - 5

wrongful act occurred. Under § 1346(b)(1), immunity is waived only as to state law claims: a federal constitutional tort may not be pursued directly under the FTCA. Meyer, 510 U.S. at 477-78. To the extent plaintiff is asserting that the United States violated the federal constitution, the FTCA does not apply and the United States has not waived its immunity. To the extent plaintiff is asserting a wrongful termination claim under state law, however, violations of the First, Fifth, and/or Fourteenth Amendments could be used to show that defendants exceeded their discretion and are therefore not protected by the discretionary function exception. See Loumiet v. U.S., 828 F.3d 935, 942-46 (D.C. Cir. 2016).

**B. Sovereign Immunity and 28 U.S.C. § 2680(h)**

The waiver of sovereign immunity provided in § 1346(b) does not apply to:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to the acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purposes of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

26 U.S.C. § 2680(h). Plaintiff asserts what purports to be an abuse of process claim against all defendants (Claim 6) and states that he accused defendant Richard M. McDonnell of false arrest, false imprisonment, and negligent infliction of emotional distress in October 2015 (Dkt. # 47-1 at ¶ 25). The United States points out that abuse of process, false arrest, and false imprisonment are specifically exempted from the FTCA waiver of sovereign immunity and that Mr. McDonnell is not an "investigative or law

enforcement officer" enforcing federal laws within the meaning of the proviso to § 2680(h). The United States also argues that the emotional distress claim asserted against Mr. McDonnell arises from the same actions that gave rise to the jurisdictionally barred claims and fails for the same reasons. Plaintiff made no response to these arguments: his intentional tort claims are therefore dismissed for lack of jurisdiction.[4]

**C. Negligent Infliction of Emotional Distress**

The United States seeks dismissal of plaintiff's negligent infliction of emotional distress claims because a claim of negligence cannot be based on an intentional act, such as false arrest. Dkt. # 38 at 20. This argument proves too much. In certain circumstances, the nature of the underlying intentional conduct evinces an actual intent to cause emotional distress, defeating a negligence-based claim regarding the same conduct. In Rodriguez v. Williams, 107 Wn.2d 381 (1986), and St. Michelle v. Robinson, 52 Wn. App. 309 (1988), for example, the courts inferred an intent to cause emotional injuries from intentional acts of incest and child sexual abuse. In other circumstances, however, an intentional act, such as physically grabbing an employee by the lapels and yelling at him, does not assuredly and, as a matter of law, intentionally result in emotional distress. If, however, emotional distress arose from the intentional conduct and there is no evidence of an actual intent to cause emotional injury, a negligence-based claim may proceed. See Chea v. Men's Wearhouse, Inc., 85 Wn. App. 405 (1997).

---

[4] In addition, the abuse of process claim is apparently based on the Tribe's decision to place plaintiff on paid administrative leave, causing him to lose his earned vacation and sick leave time. Dkt. # 47-1 at ¶ 157. The facts alleged cannot possibly support an abuse of process claim under Washington law. "For the tort of abuse of process, the crucial inquiry is whether the judicial system's process, made available to insure the presence of the defendant or his property in court, has been misused to achieve another, inappropriate end." Sea-Pac Co., Inc. v. United Food and Commercial Workers Local Union 44, 103 Wn.2d 800, 806 (1985) (internal quotation marks omitted). No court proceeding or process is alleged in this case. In his opposition memorandum, plaintiff argues that defendants abused their power, which is not asserted as a cause of action and does not constitute abuse of process.

ORDER GRANTING IN PART THE UNITED
STATES' MOTION TO DISMISS AND
PLAINTIFF'S MOTION TO AMEND - 7

**D. Amendment of Complaint**

Plaintiff's proposed Second Amended Complaint (Dkt. # 47-1) is unacceptable, as is the preceding version (Dkt. # 33). Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." The proposed complaint is extraordinary for its length, its repetition, the inappropriate use of footnotes and citations, and the presentation of the case in a manner that is seemingly designed to confuse rather than enlighten. The lack of care in the statement of the claims coupled with the jumbled characterizations of both law and fact make it very difficult to determine the basis of the Court's jurisdiction and/or whether plaintiff has asserted a plausible claim for relief against any particular defendant. There may be some wheat contained in the 97 pages of the proposed pleading, but it is well and truly hidden by all of the chaff.

Plaintiff shall, within thirty days of the date of this Order, file an amended complaint that follows the standard form of pleading and complies with Rules 8 and 10. In particular, plaintiff shall:

1. Include discrete sections related to (a) the nature of this action, (b) the parties, (c) jurisdiction and venue, (d) factual allegations, (e) causes of action/legal claims, and (f) the relief requested. The factual allegations related to the events giving rise to plaintiff's claims shall be stated in chronological order, with statements and actions attributed to particular speakers or actors. The factual allegations shall be limited to facts and shall not include statements of law or legal argument/conclusions: plaintiff shall make every effort to recount what actually happened in simple narrative form, shorn of overstatements and characterizations. Defendants should be able to admit, deny, or assert a lack of knowledge or information sufficient to form a belief regarding the truth of each

factual averment. Plaintiff shall use the factual allegations section of the pleading to inform defendants and the Court what conduct he believes generates liability for each defendant. The factual allegations should be sufficient to establish each and every element of the claims set forth in the causes of action section.

2. Avoid repetition. If plaintiff feels compelled to provide an in-depth discussion regarding the nature of his claims or the statutes and policies on which they depend, these statements should be in the appropriate sections of the complaint, not sprinkled throughout the pleading.

3. Specifically identify each party and a brief statement regarding his or her connection to plaintiff and the other defendants in the parties section of the complaint. A full description of the events giving rise to their liability must be presented in the factual allegation section.

4. Avoid footnotes.

5. Exercise reasonable care. The proposed complaint is full of incomplete sentences, contains paragraphs that convey very little information to the reader, asserts duplicative Bivens actions (Claims 1 and 7), and asserts claims that have no factual support (Claim 6) or no identified defendant (Claim 9).

6. Be specific regarding the defendant or defendants against whom each cause of action is alleged. If plaintiff believes, for example, that Ms. Misanes is liable for retaliation and intentional infliction of emotional distress, she must be specifically identified (rather than lumped into the phrase "Individual Defendants"), and plaintiff must allege facts that could support a judgment against her for each claim.

The goal of this exercise is to ensure that defendants and the Court know what claims are being asserted against which defendants and the facts on which those claims are based. Plaintiff shall replace his argumentative, conclusory, prolix, and redundant

1  pleading with a second amended complaint that complies with "Rule 8's requirement of
2  simplicity, directness, and clarity." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir.
3  1996).

> Prolix, confusing complaints such as the ones plaintiff[] filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiff[] filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiff[] will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. "[T]he rights of the defendants to be free from costly and harassing litigation must be considered." Von Poppenheim [v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047, 1054 (9th Cir. 1971)].
>
> The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiff[] to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed. "[T]he rights of litigants awaiting their turns to have other matters resolved must be considered...." Nevijel [v. N. Coast Life Ins., 651 F.2d 671, 675 (9th Cir. 1981)]; Von Poppenheim, 442 F.2d at 1054.

McHenry, 84 F.3d at 1179-80.

For purposes of the motion to dismiss, the Court has assumed that the tribal employees who allegedly caused plaintiff to lose his job in retaliation for his whistle-blowing activities and escorted him from the reservation are agents or employees of the United States. Based on that assumption and drawing all reasonable inferences from the allegations of the proposed complaint (Dkt. # 47-1) in plaintiff's favor, the motion to

ORDER GRANTING IN PART THE UNITED
STATES' MOTION TO DISMISS AND
PLAINTIFF'S MOTION TO AMEND - 10

dismiss (Dkt. # 38) is GRANTED in part and DENIED in part. The Court likely has jurisdiction to hear plaintiff's state law wrongful discharge claims against the United States to the extent the termination violated plaintiff's federal speech and/or due process rights. The United States has not, however, waived its sovereign immunity from liability for negligent supervision, negligent training, abuse of process, false arrest, false imprisonment, or the emotional distress arising therefrom. Those claims are DISMISSED.[5]

Plaintiff's motion for leave to amend his complaint (Dkt. # 47) is also GRANTED in part and DENIED in part. The proposed Second Amended Complaint (Dkt. # 47-1) is rejected and this matter is hereby STAYED for thirty days while plaintiff amends his complaint in keeping with this Order. If an acceptable amended complaint is not filed within the time proscribed, the Court will consider sanctions, including dismissal. The Clerk of Court is directed to renote defendant Ronda Kaye Metcalf's motion to dismiss (Dkt. # 61) on the Court's calendar for April 6, 2018.

Dated this 26th day of February, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[5] If plaintiff chooses to restate these claims in his amended complaint for appeal purposes, they are hereby DISMISSED without need for the United States to file a second motion.

ORDER GRANTING IN PART THE UNITED
STATES' MOTION TO DISMISS AND
PLAINTIFF'S MOTION TO AMEND - 11