UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJU T. DAHLSTROM,

　　　　Plaintiff,

　　v.

UNITED STATES OF AMERICA, *et al.*,

　　　　Defendants.

Case No. C16-1874RSL

ORDER GRANTING IN PART THE UNITED STATES' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

　　　　This matter comes before the Court on the "United States' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)." Dkt. # 68. The United States seeks dismissal of most of plaintiff's claims on the ground that it has not waived sovereign immunity for constitutional tort claims or for <u>Bivens</u> claims based upon constitutional violations committed by federal employees. The United States also seeks dismissal of plaintiff's wrongful discharge in violation of public policy claim because the supporting allegations are nothing more than a threadbare recitation of the elements of the cause of action and do not specify the public policy at issue. Plaintiff opposes the motion.[1]

**A. Subject Matter Jurisdiction, Fed. R. Civ. P. 12(b)(1)**

　　　　As a sovereign, the United States and its agencies are immune from suit unless the

---

[1] This matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

ORDER GRANTING IN PART THE
UNITED STATES' MOTION TO DISMISS - 1

immunity has been affirmatively waived. Chadd v. U.S., 794 F.3d 1104, 1108 (9th Cir. 2015). "Sovereign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define the court's jurisdiction to entertain the suit." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994) (internal quotation marks and alterations omitted). Congress waived the United States' immunity with regard to state tort claims through the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b)(1). The waiver extends only to circumstances "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Supreme Court has held that the reference to "the law of the place" means the law of the state where the negligent or wrongful act occurred. Under § 1346(b)(1), immunity is therefore waived only as to state law claims: a federal constitutional or statutory tort may not be pursued directly under the FTCA. Meyer, 510 U.S. at 477-78. To the extent plaintiff is asserting that the United States violated the U.S. Constitution and/or discharged plaintiff in violation of federal law, the FTCA does not apply and the United States has not waived its immunity. Dkt. # 62 at 5-6.

Plaintiff's responsive memorandum is virtually incomprehensible with regards to the jurisdictional challenge. He spends twenty-one pages (a) discussing irrelevant concepts related to mandamus, class actions, state and tribal sovereign immunity, wrongs allegedly committed by other defendants, other tribes, and/or non-parties, a separate *qui tam* action, declaratory relief, and trespass and (b) summarizing case law, statutes, and legislative history with no effort to tie the analysis to the facts of this case or the issues raised in the United States' motion. In a one paragraph section of the memorandum entitled "United States of America has waived its Sovereign Immunity," plaintiff states:

> The United States has waived its own and Federal Defendant's sovereign immunity to the claims herein by virtue of, without limitation, the FTCA/ISDEAA and the United States fiduciary and trust obligations. Conduct which violates the laws and Constitution of the United States, as

alleged herein, and thus, removes sovereign immunity as a defense under the doctrine established by <u>Exparte [sic] Young</u> . . . , <u>Larsen v. Domestic and Foreign Commerce Corp.</u> . . . , and Bivens <u>V. [sic] Six Unknown Named Agent [sic] of Federal Bureau of Narcotics</u> . . . .

Dkt. # 73 at 21.

Plaintiff makes no effort to explain how the Indian Self Determination and Education Assistance Act of 1975 ("ISDEAA") effected a waiver of the United States' sovereign immunity. The ISDEAA was enacted "to promote the goal of Indian self-government, [reflecting Congress'] overriding goal of encouraging tribal self-sufficiency and economic development." <u>Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.</u>, 498 U.S. 505, 510 (1991) (internal quotation marks and citation omitted). Congress authorized the Secretary of the Interior to enter into contracts with requesting tribes that would transfer federal responsibilities and their associated funding to the tribes for planning, execution, and administration. 25 U.S.C. § 5321(a). Congress wanted to limit the liability of tribes that agreed to these arrangements, however, so it deemed tribes, their organizations, and their contractors to be federal employees while acting within the scope of their employment in carrying out a self-determination contract under the ISDEAA. <u>Snyder v. Navajo Nation</u>, 382 F.3d 892, 897 (9th Cir. 2004); 25 U.S.C. § 5321(d). Any claim against a tribe or its employees arising from the performance of one of these contracts is therefore an action against the United States and is subject to the same sovereign immunity analysis as would have been applied had the United States been named as the defendant. See <u>Snyder</u>, 382 F.3d at 897 (United States subjects itself to suit under the FTCA for torts of tribal employees hired and acting pursuant to a self-determination agreement). As discussed above, the FTCA does not waive the United States sovereign immunity for federal constitutional tort claims: the ISDEAA does not alter that analysis.

**B. Failure to State a Claim Upon Which Relief May Be Granted, Fed. R. Civ. P. 12(b)(6)**

The only claim asserted against the United States that may fall within the FTCA's waiver of sovereign immunity is plaintiff's state law claim for wrongful discharge in violation of public policy. The claim is based on the allegation that defendants' actions "constituted retaliation and wrongful discharge under public policy (including federal[] statutory rights and policies set forth above) and in violation of Plaintiff's rights under the 1st, 5th and 14th amendments to the United States Constitution." Dkt. # 63 at ¶ 125. The reference to "federal[] statutory rights and policies set forth above" is so vague as to be unintelligible in light of the preceding thirty pages of allegations and the thirteen federal statutes, regulations, contracts, and/or policies mentioned therein. While the reference to three constitutional amendments is more specific, the supporting allegations do not provide enough information to give rise to a plausible inference that those rights form public policy in Washington or that plaintiff's termination jeopardized that public policy.

In his response memorandum, plaintiff clarifies the basis of his claim, stating that he was fired because he engaged in protected speech by raising concerns about dangerous medical practices and fraud in the use of ISDEAA funds. The Court accepts plaintiff's clarification: his retaliation and wrongful discharge claim is based upon and hereby limited to alleged whistle-blowing activities regarding the medical services provided to the Sauk-Suiattle Indian Tribe and fraud, waste, and abuse under the tribe's ISDEAA contracts.

Plaintiff offers no additional information regarding his retaliation claim. The claim appears to be a restatement of the First Amendment claim discussed and dismissed above. Plaintiff alleges that he engaged in speech protected by the First Amendment and suffered adverse consequences causally related to that speech. There is no state law or claim at issue. Because the United States has not waived its immunity from claims arising under

federal law, including constitutional torts, this part of Claim VI fails as a matter of law.

With regards to the whistle-blowing claim, the United States argues that plaintiff failed to identify a clear public policy that was jeopardized by his termination or to allege that his whistle-blowing activities were causally related to his dismissal. Dkt. # 68 at 17. Now that plaintiff has clarified the basis for his wrongful termination claim, the Court disagrees. The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Somers v. Apple, Inc., 729 F.3d 953, 959–60 (9th Cir. 2013). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144–45 (9th Cir. 2013). Only if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim is dismissal appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Plaintiff alleges that he was employed by the Sauk-Suiattle Indian Tribe as the Director of its Health and Human Services Department between April and December 2015. In that role, plaintiff alleges that he notified certain defendants that their scheme to encourage patients to apply for health coverage under the Affordable Care Act constituted illegal double dipping, that he refused to falsify ISDEAA contract documentation, that he lodged complaints regarding the safety and efficacy of the vaccination program offered by the tribal medical clinic, that he reported a fellow medical provider for working outside the scope of her license, and that he complained about violations of health and safety standards related to the lack of sinks in the medical clinics. Plaintiff further alleges

ORDER GRANTING IN PART THE
UNITED STATES' MOTION TO DISMISS - 5

that he was threatened with termination if he pursued his vaccine-related investigation and/or made complaints to tribal members or outside agencies. When he persisted, he was placed on paid administrative leave, then terminated. Plaintiff specifically alleges that his whistle-blowing activities caused his termination.

"In Washington, the general rule is that an employer can discharge an at-will employee for no cause, good cause or even cause morally wrong without fear of liability." Ford v. Trendwest Resorts, Inc., 146 Wn.2d 146, 152 (2002) (internal quotation omitted). "The tort for wrongful discharge in violation of public policy is a narrow exception to the at-will doctrine . . . To state a cause of action, the plaintiff must plead and prove that his or her termination was motivated by reasons that contravene an important mandate of public policy." Becker v. Cmty. Health Sys., Inc., 184 Wn.2d 252, 258 (2015). In September 2015, the Washington Supreme Court issued three companion cases intending to clarify the formulation of this tort. See Rose v. Anderson Hay & Grain Co., 184 Wn.2d 268 (2015); Becker, 184 Wn.2d 252; Rickman v. Premera Blue Cross, 184 Wn.2d 300 (2015). The court explained that there are four scenarios giving rise to wrongful discharge in violation of public policy claims that can be "easily resolved" under the framework initially articulated in Thompson v. St. Regis Paper Co., 102 Wn.2d 219 (1984). See Rose, 184 Wn.2d at 286–87; Becker, 184 Wn.2d at 258–59. These scenarios, one of which arises "when employees are fired in retaliation for reporting employer misconduct, i.e., whistle-blowing," do not require much analysis because they implicate clear public policies. Rose, 184 Wn.2d at 286–87 (internal citation omitted); Karstetter v. King Cty. Corr. Guild, 1 Wn. App.2d 822, 832 (2017).

Plaintiff has adequately alleged that he engaged in whistle-blowing activities in order to further the public good and that he was terminated for his continuing investigation of and complaints about Dr. Morlock's provision of vaccination services at

the tribal medical center and fraud in the provision of contract services under the ISDEAA. The burden now shifts to the defendant to show that plaintiff's whistle-blowing allegations are false or that his dismissal was for other reasons. See Rose, 184 Wn.2d at 287.

In its reply memorandum, the United States for the first time argued that the Court lacks subject matter jurisdiction over the wrongful discharge claim because it does not arise out of state law, relying on Delta Savings Bank v. U.S., 265 F.3d 1017 (9th Cir. 2001). The Court will not consider arguments raised for the first time in reply, but notes that Delta Savings is easily distinguishable.[2]

//

//

//

//

//

---

[2] In Delta Savings, the plaintiff asserted a negligence *per se* claim based on a violation of a federal statute. The only duty at issue was imposed by federal, rather than state, law, which the Ninth Circuit found dispositive. In this case, the duty to avoid terminating an employee for reasons that contravene an important mandate of public policy arises under Washington law. The fact that Washington prizes and protects both state and federal policies as needed does not convert the claim into a federal cause of action.

ORDER GRANTING IN PART THE
UNITED STATES' MOTION TO DISMISS - 7

For purposes of the motion to dismiss, the United States' motion to dismiss (Dkt. # 68) is GRANTED in part and DENIED in part. The United States has not waived its sovereign immunity from liability for federal constitutional torts, whether asserted directly under the constitution or as a <u>Bivens</u> action. Claims One, IV, the retaliation portion of Claim VI, and the second Claim VII are hereby DISMISSED against the United States for lack of subject matter jurisdiction. The wrongful discharge portion of Claim VI may proceed.

Dated this 13th day of July, 2018.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge