UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJU T. DAHLSTROM,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

Case No. C16-1874RSL

ORDER GRANTING THE INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the "Individual Defendants' Motion for Summary Judgment." Dkt. # 82. The Individual Defendants, George Bailey, Norma Ann Joseph, Richard M. McDonnell, Ronda Kay[] Metcalf, Christine Marie Jody Morlock, Robert Larry Morlock, and Susan Harriet Yurchak, seek dismissal of plaintiff's claims on the grounds that (a) plaintiff's Second Amended Complaint does not comply with Fed. R. Civ. P. 8 or the Court's prior order, (b) defendants were not acting under color of state or federal law when they suspended and terminated plaintiff's employment and/or excluded him from the Sauk-Suiattle Indian Tribe reservation, (c) plaintiff was not deprived of any right, privilege, or immunity afforded by federal law, (d) there is no evidence of retaliation, (e) the Individual Defendants, none of whom employed plaintiff, cannot be personally liable for the tort of wrongful discharge in violation of public policy, (f) the Tribe's sovereign immunity over their businesses and governmental activities bars the wrongful discharge claim against its employees, and (g) plaintiff's Affordable Care Act

claim is procedurally and substantively invalid.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the

parties[1] and taking the evidence in the light most favorable to the non-moving party, the Court finds as follows:

Plaintiff's opposition memorandum consists of sixteen pages of "Introduction" that mirror his declaration and three legal arguments. Two of the arguments address the viability of plaintiff's wrongful discharge in violation of public policy claim: plaintiff argues that the Individual Defendants are not protected by the Tribe's sovereign immunity (Dkt. # 86 at 16-17) and discusses the elements of a wrongful discharge claim as recently clarified by the Washington Supreme Court (Dkt. # 86 at 19-22). The third argument is related to Congress' unsuccessful efforts to amend the National Labor Relations Act ("NLRA") to exclude from its reach tribal-owned enterprises on tribal land. Dkt. # 86 at 17-19. There is no NLRA claim in the Second Amended Complaint and the Court fails to see the connection between these legislative efforts and any issue in this litigation.

Plaintiff has not opposed the Individual Defendants' motion to dismiss any claim other than the wrongful discharge in violation of public policy claim. All claims arising under the United States Constitution, whether pursued under 42 U.S.C. § 1983 or through some other avenue, and the Affordable Care Act are therefore DISMISSED. To the extent that there are other claims hidden within the Second Amended Complaint - other than the state law wrongful discharge claim discussed below - they are hereby DISMISSED for failure to comply with Fed. R. Civ. P. 8 and the Court's prior order (see Dkt. # 62 at 8-10).

With regards to the wrongful discharge claim, plaintiff has not responded to the Individual Defendants' argument that such a claim cannot be asserted against an entity

---

[1] This matter can be decided on the papers submitted. Plaintiff had an adequate opportunity to provide the Court with written legal arguments regarding the viability of his claims and will have an opportunity to correct any perceived errors on appeal. See GEC Alsthom Electromecanique-France, 168 F.3d 499, at * 2 (9th Cir. 1999). His request for oral argument is therefore DENIED.

ORDER GRANTING THE INDIVIDUAL
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 3

other than plaintiff's employer. The tort of wrongful discharge in violation of public policy is an exception to the general rule that an employment contract of indefinite duration is terminable at will in Washington. Roberts v. Dudley, 140 Wn.2d 58, 63 (2000). The nature of the employment contract as between the employer and the employee suggests that a claim that public policy prevents the termination of the contract runs against the employer, not against co-workers or supervisors who may have been involved in the decision to terminate the employment relationship. When recognizing a public policy exception to at-will employment for the first time, the Washington Supreme Court noted that "[t]he policy underlying the exception is that the common law doctrine cannot be used to shield an employer's action which otherwise frustrates a clear manifestation of public policy" and that "this narrow policy exception should be adopted because it properly balances the interest of both the employer and the employee." Thompson v. St. Regis Paper Co., 102 Wn.2d 219, 231-32 (1984). Suits against fellow employees were not contemplated. In the only case the Court has found that addresses this issue directly, the Washington Court of Appeals affirmed the dismissal of an employee's wrongful discharge claim against her co-worker because the co-worker was not her employer. Jenkins v. Palmer, 116 Wn. App. 671, 677 (2003). "The wrongful discharge doctrine must be extended with caution. Perhaps a case can be made for its application outside the traditional employment context. But the doctrine is a narrow and specialized craft, and should not be sent adventuring when no rescue appears to be called for." Awana v. Port of Seattle, 121 Wn. App. 429, 437 (2004) (dismissing wrongful discharge claim against the owner and general contractor at a work site because defendant was not the employee's employer). Plaintiff has not attempted to show that a tort claim against co-workers is needed or authorized under Washington law. The Court declines to extend the reach of the doctrine, especially in light of the court of appeals' decision in

Jenkins.

For all of the foregoing reasons, the Individual Defendants' motion for summary judgment (Dkt. # 82) is GRANTED. All claims against the Individual Defendants are hereby DISMISSED.

Dated this 8th day of April, 2019.

*Robert S. Lasnik signature*
Robert S. Lasnik
United States District Judge