UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJU T. DAHLSTROM,

   Plaintiff,

   v.

UNITED STATES OF AMERICA, *et al.*,

   Defendants.

Case No. C16-1874RSL

ORDER DENYING MOTION FOR RECONSIDERATION

On April 8, 2019, the Court granted the individual defendants' motion for summary judgment and dismissed plaintiff's wrongful termination in violation of public policy claim on the grounds that (a) plaintiff failed to respond to defendants' argument that a wrongful discharge claim cannot be asserted against any entity other than plaintiff's employer, (b) the nature of the employment contract as between an employer and an employee suggests that a claim that public policy prevents the termination of the contract runs against the employer, not against other employees who may have been involved in the decision to terminate the employment relationship, (c) the only relevant case law supports that conclusion, and (d) the public policy exception to the general rule of at-will employment is narrow and should be extended with caution. Plaintiff filed a timely motion for reconsideration of the dismissal of his wrongful discharge claim. In the alternative, plaintiff seeks certification of the issue to the Washington Supreme Court.

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR Rule 7(h)(1). Plaintiff has not met his burden. In their motion for summary judgment, the individual defendants squarely raised the issue of whether a claim of wrongful discharge in violation of public policy could be asserted against anyone other than the employer. Plaintiff offers no justification for his failure to acknowledge or respond to defendants' argument in his opposition memorandum and has not shown any new facts or legal authority which could not have been brought to the Court's attention earlier. Nor has plaintiff shown manifest error: he has not identified any case in which a wrongful discharge claim (as opposed to a statutory claim under the Washington Law Against Discrimination Act) was allowed to proceed against a fellow employee, and he has not offered any justification for expanding the narrow exception in the circumstances presented here.

Plaintiff also suggests that the Court manifestly erred by failing to certify to the Washington Supreme Court the issue of whether a wrongful discharge in violation of public policy claim can be asserted against a fellow employee. Plaintiff did not request certification in his opposition memorandum, and the Court rejects the contention that it had an obligation to *sua sponte* consider the appropriateness of certification under RCW 2.60.020 once a controlling issue of state law was identified. Certification is a matter within the sound discretion of the Court, and plaintiff cites no case in which an abuse of discretion or reversible error was found simply because the district court did not *sua sponte* consider certification. In addition, the certification process serves the important judicial interests of efficiency and comity. As noted by the United States Supreme Court, certification saves "time, energy and resources and helps build a cooperative judicial

federalism." Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974). Waiting until after he received an unfavorable ruling from the Court to request certification destroys any efficiencies that may have been achieved through the certification procedure.

For all of the foregoing reasons, plaintiff's motion for reconsideration or certification is DENIED.

Dated this 3rd day of May, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 3