UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJU T. DAHLSTROM,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

Case No. C16-1874RSL

ORDER DENYING PLAINTIFF'S
MOTION FOR REVISION

On April 8, 2019, the Court granted the individual defendants' motion for summary judgment and dismissed plaintiff's wrongful termination in violation of public policy claim on the grounds that (a) plaintiff failed to respond to defendants' argument that a wrongful discharge claim cannot be asserted against any entity other than plaintiff's employer and (b) the nature of the employment contract, the relevant case law, and the narrowness of the public policy exception to the general rule of at-will employment all supported dismissal. Dkt. # 92. Plaintiff filed a timely motion for reconsideration and, in the alternative, requested certification of the issue to the Washington Supreme Court. Dkt. # 93. The motion was denied. Dkt. # 94. The Court found that plaintiff had offered no justification for his failure to acknowledge, much less respond, to defendants' argument that a claim of wrongful discharge in violation of public policy cannot be asserted against anyone other than the employer and had not shown manifest error in the ruling.

Plaintiff now seeks to "revise" the April 8, 2019, summary judgment order under

ORDER DENYING PLAINTIFF'S
MOTION FOR REVISION - 1

Fed. R. Civ. P. 54(b), arguing that two recent decisions warrant reconsideration. The Washington Supreme Court decision on which plaintiff relies is inapposite in that the issue of whether a wrongful discharge claim can be asserted against anyone other than the employer was not discussed. See Karstetter v. King County Corrections Guild, __ Wn.2d __, 2019 WL 3227311 (July 18, 2019) (Karstetter sued the Guild, the entity with which he had an employment contract). The other decision is from the United States District Court for the Eastern District of Washington. See Blackman v. Omak Sch. Dist., 2019 WL 2396569 (E.D. Wash. June 6, 2019). Chief Judge Rice's determination that the purposes of the wrongful discharge tort would be furthered by allowing an employee to sue co-employees who were involved in the termination does not bind this Court, however. Nor does the fact that Blackman successfully raised policy and legal arguments in her lawsuit excuse plaintiff's previous failure to respond in any way to the individual defendants' argument that a wrongful termination claim cannot be asserted against any entity other than the employer.

The Court declines to reconsider or revise the April 8, 2019, order. Plaintiff's second request for certification to the Washington Supreme Court is denied.

DATED this 4th day of Sept., 2019.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR REVISION - 2