UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJU T. DAHLSTROM,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. C16-1874RSL

ORDER GRANTING THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the "United States' Motion for Summary Judgment." Dkt. # 98.[1] The United States seeks judgment in its favor on plaintiff's only remaining claim of wrongful discharge in violation of public policy.

The United States argues that the Sauk-Suiattle Indian Tribe was not a federal actor for purposes of its employment decisions regarding plaintiff, making the waiver of sovereign immunity contained in the Federal Tort Claims Act ("FTCA") inapplicable.[2] This argument was previously raised in a motion to dismiss, but the Court exercised its discretion to deny the motion under Fed. R. Civ. P. 56(d) and allow plaintiff the

---

[1] This matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

[2] In the alternative, the United States argues that the wrongful discharge claim is barred by the discretionary function exception of the FTCA and/or that plaintiff has failed to raise a genuine issue of fact regarding the wrongfulness of his termination under Washington law. Because the United States is immune from suit, the Court need not decide these alternative grounds for dismissal.

ORDER GRANTING THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT - 1

opportunity to take discovery regarding whether the employment decisions of which he complains were encompassed by a federal contract or agreement under the Indian Self-Determination and Education Assistance Act of 1975 ("ISDEAA").

Congress has expressly extended the FTCA's waiver of sovereign immunity to claims "resulting from the performance of functions . . . under a contract, grant agreement, or cooperative agreement authorized" by the ISDEAA. 25 U.S.C. § 450f. Tribal employees will be deemed employees of the Bureau of Indian Affairs ("BIA") for purposes of the FTCA only when they are acting within the scope of their employment in carrying out the contract or agreement. Shirk v. U.S. ex rel. Dep't of Interior, 773 F.3d 999, 1003-04 (9th Cir. 2014). "Because '[t]he party asserting jurisdiction bears the burden of establishing subject matter jurisdiction' . . . , a plaintiff in an FTCA suit must identify which contractual provisions the alleged tortfeasor was carrying out at the time of the tort." Id. at 1006 (quoting In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008)).

Plaintiff has failed to meet his burden. His wrongful termination claim centers on the Tribal Council's decision to terminate his employment as the Tribe's Health & Social Service Director in December 2015. The United States has submitted evidence of the ISDEAA contract and related agreements at issue and asserted the absence of any contractual provision related to the employment/human resources activity of which plaintiff complains. Plaintiff's only response is to argue that, in the scope of his employment as Health & Social Service Director, he was carrying out work authorized by the ISDEAA contract. The issue, however, is whether the alleged tortfeasor - here the Tribal Council - was carrying out the contract when it decided to terminate plaintiff's employment. Plaintiff has failed to identify any contractual provision that might apply.

//

1 | Because plaintiff has not shown that the allegedly wrongful termination is encompassed by the ISDEAA contract or related agreements, the Tribal Council is not "deemed" to be an employee of the BIA and the FTCA's waiver of sovereign immunity does not apply. Thus, the Court lacks subject matter jurisdiction to hear plaintiff's only remaining claim.

For all of the foregoing reasons, the United States' motion for summary judgment (Dkt. # 98) is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 4th day of November, 2019.

Robert S. Lasnik
United States District Judge